IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELODY LANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1270 |
| | ) |
| CIGNA HOLDING CO. and LIFE | ) |
| INSURANCE CO. of NORTH AMERICA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER OF COURT**

Plaintiff Melody Lang initiated this action against her former employers, Defendants Cigna Holding Company ("Cigna") and Life Insurance Company of North America ("LINA"),[1] alleging that she was discriminated against at work and unlawfully terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"). (*See* Docket No. 1, ¶¶ 28-35). Presently before the Court is Defendants' Motion to Dismiss, or, in the alternative, to Stay Proceedings and Compel Arbitration, which is opposed by Plaintiff. (Docket Nos. 6, 7, 12, 13, 14). After careful consideration of the parties' arguments in light of the prevailing legal standard, and for the following reasons, Defendants' Motion will be denied without prejudice.

---

1   According to Defendants, Plaintiff incorrectly names Cigna as a Defendant in this action. (Docket No. 7 at 1, n.2). Defendants submit that Plaintiff's employer at all times relevant to this action was Defendant LINA. (*Id.*).

1

I.   **BACKGROUND**

According to the Complaint, Plaintiff was hired by Defendants in April 2011 as a Claims Associate in the Disability Group Claims Department. (Docket No. 1, ¶ 8). Plaintiff was promoted to Senior Associate in 2013 and then to Senior Claims Manager in 2015. (*Id.*, ¶¶ 9, 10). In early 2019, Plaintiff was assigned to oversee the day-to-day aspects of a project involving reduction of Defendants' long term disability claim payment reserve funds. (*Id.*, ¶ 10). Plaintiff alleges that the stress of the project combined with changes to her prescribed medications resulted in her involuntary hospitalization from May 11, 2019 to May 22, 2019. (*Id.* ¶ 11). Plaintiff's supervisor was notified of her hospitalization and request for FMLA leave, and she also initiated a claim for short term disability benefits. (*Id.*, ¶¶ 10, 12, 14, 15). Ultimately, Plaintiff's short term disability and FMLA claims were approved through June 30, 2019, and she returned to work on July 1, 2019. (*Id.*, ¶ 16).

Plaintiff was terminated for misconduct on her first day back to work. (Docket No. 1, ¶ 16). Plaintiff claims that Defendants fired her because they believed that she was unable to perform her essential job functions due to her hospitalization and mental health diagnosis. (*Id.*, ¶ 17). Consequently, Plaintiff alleges in Count One of the Complaint that Defendants discriminated against her in violation of the ADA. (*Id.*, ¶¶ 29, 30). Plaintiff asserts a claim against Defendants for violation of the FMLA in Count Two, contending that she was unlawfully terminated in retaliation for using FMLA leave. (*Id.*, ¶¶ 19, 34).

In response to the Complaint, Defendants move to dismiss or, alternatively, to compel arbitration and stay further judicial proceedings. (Docket No. 6). Defendants argue that Plaintiff

entered into an arbitration agreement pursuant to which "she agreed to arbitrate gateway issues of arbitrability, and all claims arising out of or relating to her employment with LINA, or termination thereof." (Docket No. 7 at 1). More specifically, Defendants contend that Plaintiff agreed in November 2013 to be bound by the policies set forth in Cigna's Employee Handbook, including its arbitration policy. (*Id.* at 2-3). In support of its Motion, Defendants rely on the Declaration of Michael Reagan (the "Reagan Declaration"), who is Cigna's Employee Relations Managing Director, and attached exhibits, including the Employee Handbook. (Docket Nos. 14; 14-1; 14-2; 14-3). Defendants assert that Plaintiff accepted the arbitration policy's terms by electronically signing a two-page document entitled "Acknowledgment and Agreement," providing, in relevant part, that she "understand[s] and agree[s] any dispute between Cigna and [her] arising out of or relating to [her] . . . employment or termination . . . shall be resolved under Cigna's Employment Dispute Arbitration Program, which includes final mandatory binding arbitration." (Docket Nos. 7 at 3-4; 14-2 at 3). Additionally, Defendants submit that the applicable arbitration rules and procedures, which are attached to the Reagan Declaration, were accessible to Plaintiff at all times during her employment via Cigna's intranet. (Docket Nos. 7 at 4; 14-3). Based on these documents, Defendants maintain that Plaintiff and LINA "entered into a mutually binding agreement to arbitrate all employment claims arising out of Plaintiff's employment," thus her ADA and FMLA claims should be compelled to arbitration. (Docket No. 7 at 4, 5).

In response, Plaintiff claims she was unaware that she had entered into an arbitration agreement with Defendants, had agreed to forego her right to file a lawsuit in court, or that her employment was conditioned on agreeing to arbitrate employment-related disputes. (Docket No.

12 at 1). Plaintiff relies upon her own Declaration to support her position. (Docket No. 12-1). Plaintiff asserts that Defendants have not presented a valid and enforceable arbitration agreement because she never manifested an intent to be bound by such an agreement and it is not supported by consideration. (Docket No. 12 at 3-5). Plaintiff further argues that Defendants materially breached the arbitration agreement, thereby invalidating any requirement to arbitrate this dispute. (*Id.* at 5-6). Additionally, Plaintiff contends that the arbitration agreement is procedurally and substantively unconscionable. (*Id.* at 6-9). For these reasons, Plaintiff submits that she should be permitted to proceed with her claims in this Court. (*Id.* at 9). Alternatively, Plaintiff requests that the parties be permitted to conduct limited discovery regarding the validity and enforceability of the arbitration agreement. (*Id.*). Defendants filed a Reply disputing each of Plaintiff's arguments. (*See* Docket No. 13). The parties' briefing is now complete and the matter is ripe for disposition.

**II.    DISCUSSION**

In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 773-76 (3d Cir. 2013), the Third Circuit Court of Appeals clarified the standards to be applied to motions to compel arbitration by identifying the circumstances under which district courts should apply the Rule 12(b)(6) motion to dismiss standard and those under which they should apply the Rule 56 summary judgment standard.[2] The Rule 12(b)(6) standard should be used "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims

---

[2] In moving to compel arbitration, Defendants do not address which standard of review applies. (*See* Docket No. 7). Plaintiff appears to advocate that the Rule 56 standard applies. (*See* Docket No. 12 at 1) (stating that "[t]he court may compel arbitration only where there is no genuine issue of material fact that the parties entered into a valid agreement to arbitrate . . .").

4

are subject to an enforceable arbitration clause . . . ." *Id.* at 776 (internal quotation marks and citation omitted). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." *Id.* (internal quotation marks and citation omitted). After limited discovery, the court may entertain a renewed motion to compel arbitration, this time evaluating the motion under the Rule 56 summary judgment standard. *Id.*

In this case, the Rule 12(b)(6) standard is inappropriate because "the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate." *Guidotti*, 716 F.3d at 774 (internal quotation marks and citation omitted). Plaintiff's Complaint sets forth allegations concerning her ADA and FMLA claims, but it is silent regarding the existence of an arbitration agreement. Further, Plaintiff's claims do not rely on any documents that contain the contested arbitration agreement. Therefore, the arbitrability of Plaintiff's claims is not apparent on the face of the Complaint.

Despite evidence of an arbitration agreement tendered by Defendants, *Guidotti* compels this Court to provide Plaintiff the opportunity to conduct limited discovery on the narrow issue concerning the validity of the agreement. *See Guidotti*, 716 F.3d at 774 ("[A]rbitrability not being apparent on the face of the complaint, the motion to compel arbitration *must* be denied pending further development of the factual record.") (emphasis added); *Cepikoff v. Stifel Fin. Corp.*, Civ. No. 19-1616, 2020 WL 4938031, at *2 (W.D. Pa. June 18, 2020), *report and recommendation*

5

*adopted*, 2020 WL 4937499 (W.D. Pa. Aug. 24, 2020) (denying motion to compel arbitration without prejudice and ordering limited discovery where plaintiff disputed existence of binding arbitration agreement in case alleging violations of ADA and ADEA); *Keller v. Pfizer, Inc.*, Civ. No. 1:17-cv-1883, 2018 WL 3756649, at *2 (M.D. Pa. Aug. 8, 2018) (denying motion to compel arbitration without prejudice and permitting limited discovery where complaint alleged hostile work environment and retaliation claims, but was silent concerning agreement to arbitrate); *Briggs v. Macy's Inc.*, Civ. No. 3:16-0902, 2017 WL 590274, at *3 (M.D. Pa. Feb. 14, 2017) (denying motion to compel arbitration and allowing limited discovery where arbitrability was not apparent on face of complaint or documents cited therein, defendants' arguments were premised entirely on documents attached to its motion, and plaintiffs contested validity of arbitration agreement based in part on unconscionability); *Steele v. Citibank, N.A.*, Civ. No. 2:15-cv-01618, 2016 WL 946615, at *3-4 (W.D. Pa. Mar. 14, 2016) (denying motion to compel arbitration without prejudice and ordering limited discovery because face of complaint was unclear whether plaintiff agreed to arbitrate). After completing such discovery, Defendants may renew their motion to compel arbitration, which will be evaluated under the summary judgment standard. *Guidotti*, 716 F.3d at 776.

### III.    CONCLUSION

Given that arbitrability is not apparent on the face of Plaintiff's Complaint, Defendants' Motion will be denied without prejudice. Following limited discovery focused on whether a valid agreement to arbitrate has been formed between the parties, Defendants may file a renewed motion if warranted.

**ORDER OF COURT**

AND NOW, this 14th day of May, 2021, for reasons set forth in the Memorandum above, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or, in the alternative, to Stay Proceedings and Compel Arbitration (Docket No. 6) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that: (1) the parties shall conduct limited discovery on the issue of arbitrability by **June 28, 2021**, as more specifically set forth in the Court's Memorandum; (2) if warranted, Defendants may file a renewed motion to compel arbitration by **July 28, 2021**; (3) Plaintiff's response to any such renewed motion shall be filed by **August 18, 2021**; and (4) Defendants' reply, if any, shall be filed by **August 25, 2021**.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:     All counsel of record